Prob 12C

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

**PETITION FOR WARRANT OR SUMMONS FOR
OFFENDER UNDER SUPERVISION**

| | |
|---|---|
| **Offender Name:** | James Amando WATKINS |
| **Docket Number:** | 2:05CR00158-01 |
| **Offender Address:** | Unknown |
| **Judicial Officer:** | Honorable Lawrence K. Karlton<br>Senior United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 08/11/2000 |
| **Original Offense:** | 18 U.S.C. 922(g)(1) - Felon in Possession of a Firearm (Class C Felony) |
| **Original Sentence:** | 67 months Bureau of Prisons; 3-year term of supervised release; $100 special assessment. |
| **Special Conditions:** | Search; Financial disclosure; 100 hours community service; DAP. |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 12/10/2004 |
| **Assistant U.S. Attorney:** | To be assigned     **Telephone:** (916) 554-2700 |
| **Defense Attorney:** | Federal Defender to be assigned<br>           **Telephone:** (916) 498-5700 |

**Other Court Action:**

<u>**04/26/2005**</u>:            Jurisdiction received from the District of Nevada.

RE:     James Amando WATKINS
        Docket Number:  2:05CR00158
        PETITION FOR WARRANT OR SUMMONS
        FOR OFFENDER UNDER SUPERVISION

---

## PETITIONING THE COURT

**(X)     TO ISSUE A WARRANT**

The probation officer alleges the offender has violated the following condition(s) of supervision:

**Charge Number**     **Nature of Violation**

**Charge 1:**     **FAILURE TO PARTICIPATE IN A DRUG-TESTING PROGRAM, AS DIRECTED BY THE PROBATION OFFICER**

On or about May 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 23, 24, 25, 26, 27, and 31, 2005, the defendant failed to report for scheduled drug testing at the drug testing program, as directed by the probation officer, a violation of Special Condition Number 4.

**Charge 2:**     **FAILURE TO NOTIFY THE PROBATION OFFICER TEN DAYS PRIOR TO ANY CHANGE IN RESIDENCE**

On or about May 16, 2005, the defendant changed residence without having provided ten days prior notification to the probation officer, a violation of Standard Condition Number 6.

**Justification:**     The undersigned probation officer last met with the defendant on April 25, 2005.  While the undersigned was on annual leave, the defendant stopped reporting for drug testing, quit work, and moved out of his approved residence, his father's home in Sacramento, California.  On May 31, 2005, the undersigned officer learned the defendant's cell phone service had been disconnected and the defendant had failed to contact his substance abuse counselor the previous week.  The undersigned also learned from the defendant's father that the defendant had left home approximately two weeks earlier and his father did not know where he had gone.  On June 2, the undersigned spoke with the defendant's sister who stated she had not seen the defendant for a couple of weeks, knew he had left their father's house, but did not know where he had gone.  The

**RE:**   **James Amando WATKINS**
**Docket Number:  2:05CR00158**
**PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

undersigned also visited the defendant's last reported work site and learned from payroll records that he had not worked there since May 5, 2005.

This is the second time since his release on supervision that the defendant has failed to report significant events to the probation officer, as required.  On February 18, 2005, the undersigned learned the defendant had quit a previous job on an impulse without consulting this officer in advance.  As a consequence, he was enrolled in the Job Seekers Program and was required as well to complete the Intermediate Sanction Program.  He subsequently secured employment through a temporary staffing agency and completed the eight-week sanction group.  Two weeks later, however, he left his job, stopped reporting for drug testing, and left his residence.  His current whereabouts is now unknown.  Therefore,  it is requested that a warrant be issued.

**Bail/Detention:**     The defendant has evaded drug testing and treatment efforts and absconded from supervision.  He has a prior record that includes serious drug felonies and violent offenses.  While placed in a Community Corrections Center by the Bureau of Prisons last year, he failed to abide by the program's requirement and was returned to closer custody.  Given all these circumstances, it is recommended the defendant be detained as both a flight risk and a danger, pursuant to 18 U.S.C. 3142(e).

**I declare under penalty of perjury that the foregoing is true and correct.**

**EXECUTED ON**:   June 9, 2005
Sacramento, California
JAP:jz

Respectfully submitted,

/s/John A. Poglinco
**JOHN A. POGLINCO**
**Senior United States Probation Officer**
Telephone:  (916) 930-4303

**REVIEWED BY**:   /s/Rafael G. Loya
**RAFAEL G. LOYA**
**Supervising United States Probation Officer**

RE: **James Amando WATKINS**
**Docket Number: 2:05CR00158**
**PETITION FOR WARRANT OR SUMMONS**
**FOR OFFENDER UNDER SUPERVISION**

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

[x]   The issuance of a warrant       [ ]   Bail set at $ __       [x]   No Bail

[ ]   The issuance of a summons (copy to Defense Counsel).

[ ]   Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

[ ]   Defendant is ordered detained, to be brought before District Judge forthwith.

[x]   Initial appearance and detention hearing before Magistrate Judge.


<u>June 13, 2005</u>                                                                  /s/Lawrence K. Karlton
**Date**                                                                         **Signature of Judicial Officer**


cc:   United States Probation
      Assistant United States Attorney - To be assigned
      United States Marshal Service

Attachment:  Presentence Report   (Sacramento only)

## STATEMENT OF EVIDENCE OF ALLEGED
## SUPERVISED RELEASE VIOLATIONS

Honorable Lawrence K. Karlton
Senior United States District Judge
Sacramento, California

                                                **RE:   James Amando WATKINS**
                                                **Docket Number:   2:05CR00158-01**

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:   FAILURE TO PARTICIPATE IN A DRUG-TESTING PROGRAM, AS DIRECTED BY THE PROBATION OFFICER**

    **A.   Evidence:**

        (1)   UA Collection No-Show Reports for May 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 23, 24, 25, 26, 27, and 31, 2005, issued by The Effort testing center and indicating the defendant failed to appear for testing on the indicated dates.

        (2)   Instructions for urine collection form signed by the defendant and dated December 16, 2004.

**RE:   James Amando WATKINS**
**Docket Number:  2:05CR00158-01**
**STATEMENT OF EVIDENCE**

  **B.** **Witnesses:**

   (1) The undersigned Senior United States Probation Officer John A. Poglinco will testify as to having reviewed the urine collection instructions with the defendant on December 16, 2004, as indicated on the above-noted form.

   (2) Staff of The Effort urine collection program will testify the defendant failed to report for scheduled drug testing, as reflected in the above-noted reports.

**Charge 2:** **FAILURE TO NOTIFY THE PROBATION OFFICER TEN DAYS PRIOR TO ANY CHANGE IN RESIDENCE**

  **A.** **Witnesses:**

   (1) The undersigned Senior United States Probation Officer John A. Poglinco will testify that the defendant's approved residence was the home of his father at 3624 May Street, Sacramento, California. Further, that on May 31, 2005, the undersigned learned from the defendant's father that the defendant had not been residing at the residence for at least two weeks. This information was later confirmed by the defendant's sister who indicated she knew the defendant did not reside with their father any longer, but was not aware of his

**RE:**   **James Amando WATKINS**
         **Docket Number:  2:05CR00158-01**
         **STATEMENT OF EVIDENCE**

        current whereabouts.  Finally, that the current whereabouts of the defendant are unknown.

        Respectfully submitted,

        /s/John A. Poglinco
         **JOHN A. POGLINCO**
         **Senior United States Probation Officer**

**DATED:**   June 9, 2005
             Sacramento, California
             JAP:jz

**REVIEWED BY**:   /s/Rafael G. Loya
                   **RAFAEL G. LOYA**
                   **Supervising United States Probation Officer**

## REVOCATION GUIDE - SUPERVISED RELEASE

**Offender Name:** James Amando WATKINS          **Docket Number:** 2:05CR00158-01

**Date of original offense:** 01/09/2000

**Original term of supervised release imposed:** 3 **years.**

**Highest grade of violation alleged:**          C

**Criminal History Category of offender:**          V

**Chapter 7 range of imprisonment:** 7 **to** 13 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):** (*choose one below*)

    \_\_     **Class A felony - 5 years (or stat max of \_\_ years if longer).**
    \_\_     **Class B felony - 3 years**
    _X_    **Class C and/or D felony - 2 years**
    \_\_     **Class E felony and misdemeanors:  1 year**

**Violation requires mandatory revocation:  YES:** \_\_  **NO:**  _X_ .

**Original offense committed after 09/13/94:**  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the term of imprisonment imposed upon revocation.

### MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession

of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**   Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.

June 7, 2005
JAP:jz